UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00446-GNS-LLK

MICHAEL A. ELERY                                                                    PETITIONER

v.

AARON SMITH, Warden                                                                 RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner's Objection (DN 24) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 20) recommending that his Petition for Writ of Habeas Corpus be denied. For the reasons provided below, Petitioner's Objection is **OVERRULED**.

## I.     BACKGROUND

Petitioner Michael A. Elery ("Elery") was convicted of murder, tampering with physical evidence, and violating a protective order in Jefferson Circuit Court, and his conviction was upheld by the Kentucky Supreme Court on June 21, 2012. *Elery v. Commonwealth*, 368 S.W.3d 78, 100 (Ky. 2012). Elery filed his Petition under 28 U.S.C. § 2254 on July 8, 2016, with six claims collaterally attacking his sentence which the Kentucky Supreme Court previously rejected, as well as additional claims of ineffective assistance of counsel. (Pet. Writ Habeas Corpus 1-20, DN 1).

The Magistrate Judge considered Elery's claims and rejected them in turn. The Magistrate Judge found no error in the conclusion that an imperfect redaction at trial containing statements from Elery regarding an imagined murder was a harmless error because the statements would not have had a substantial effect on the jury's deliberations. (R&R 2, DN 20). Next, the Magistrate Judge agreed with the Kentucky Supreme Court that it was harmless error where the jury

instructions on first-degree manslaughter included extreme emotional disturbance as an element. (R&R 3-4). Elery was also found to have procedurally defaulted on his claims that the trial court erred by not including a clarifying instruction because the Kentucky Supreme Court's decision rested on a state procedural bar. (R&R 5). The Magistrate Judge further agreed with the Kentucky Supreme Court that the trial court's decision to bar the admission of results of a breathalyzer test was harmless error. (R&R 5). The Magistrate Judge next determined that Elery's claim that the trial court erred in striking a juror over his objections was not a cognizable claim under 28 U.S.C. § 2254. (R&R 6). The Magistrate Judge also found Elery procedurally defaulted on his claim that a trial error occurred when the victim's cousin was permitted to give an impact statement because the Kentucky Supreme Court rested its conclusion on a state procedural bar. (R&R 7). Finally, the Magistrate Judge deferred to the Kentucky courts' analyses and rejected Elery's reiterated claims of ineffective assistance of counsel. (R&R 8-10). The Magistrate Judge also denied Elery's new ineffective assistance claims. (R&R 10-11).

Elery now makes seven objections to the Magistrate Judge's findings and conclusions. Elery contends that "[t]he erroneous admission of references to a second, uncharged murder had a substantial and injurious effect on the jury's verdict and recommended sentence" because it left the jury with the impression that Elery committed a second murder. (Pl.'s Obj. 6, DN 24). Elery next argues that the inclusion of an additional element in the jury instruction for first-degree manslaughter was not harmless error because, "[b]y requiring the jury to find more than necessary under the law to find first-degree manslaughter, the burden to prove [extreme emotional disturbance] was shifted to [Elery], and [he] was effectively denied this lesser included offense." (Pl.'s Obj. 9). Elery also argues the Magistrate Judge incorrectly ruled his request for the clarifying jury instruction was procedurally defaulted because he requested the instruction at trial, thus

preserving his right to challenge the error. (Pl.'s Obj. 11). Elery disagrees that barring the breathalyzer results was harmless error because he "sought to introduce this evidence to prove the extent of his intoxication, explain his actions, and attack the credibility of his own alleged statements." (Pl.'s Obj. 12). Elery further objects to the Magistrate Judge's conclusion that striking a juror is not a cognizable claim under 28 U.S.C. § 2254 because this error denied him an impartial jury and fair trial. (Pl.'s Obj. 13). Elery also disagrees with the Magistrate Judge's conclusion that he procedurally defaulted his claim that the victim impact statement because "[t]he issue was preserved by defense counsel's objection and motion for mistrial following [her] testimony . . . ." (Pl.'s Obj. 14). Elery finally argues that he received ineffective assistance from trial counsel because they failed to file proper pretrial suppression motions, adequately prevent the introduction of evidence pertaining to the imagined murder, object to erroneous jury instructions, defend against unauthorized penalties, and investigate or present an effective defense. (Pl.'s Obj. 16).

## II. STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed, and the Court may accept, reject, modify the R&R, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). While specific objections are entitled to *de novo* review, "poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *Bardwell v. Colvin*, No. 5:15-CV-00196-GNS-LLK, 2017 WL 5885378, at *1 (W.D. Ky. Jan. 31, 2017) (internal quotation marks omitted) (citation omitted). As the Sixth Circuit has noted, "a general objection to a [magistrate judge's] report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to

discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

## III. DISCUSSION

For this Court to grant habeas relief, the state court's adjudication of Elery's case must have resulted in a decision which "was contrary to, or involved an unreasonable application of, clearly established Federal law," or which "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### A. Imaginary Murder

Elery's objects that the trial court's imperfect redaction of his statements to police containing a confession that he had committed an imaginary murder was not harmless error because it suggested to the jury that he had committed a murder which was being hidden from them. (Pl.'s Obj. 5). In determining whether a conviction must be set aside because of federal constitutional error of the trial type, the Court applies the standard set forth in *Kotteakos v. United States*, 328 U.S. 750 (1946). *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Under this standard, the inquiry is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Kotteakos*, 328 U.S. at 776.

The Kentucky Supreme Court, applying *Kotteakos*, found that '[n]one of the statements . . . could have had a substantial effect on the jury." *Elery*, 368 S.W.3d at 88. The Kentucky Supreme Court concluded "[t]here is little to no risk that the jury would have considered this evidence, inferred that another crime occurred, and convicted" Elery of the murder of the known victim. *Id*. In light of this, the Court can neither conclude that the Kentucky Supreme Court's decision was contrary to or involved the unreasonable application of the law, nor that it

4

was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The Magistrate Judge found the same, and thus, Elery's first objection is overruled.

B. **Extreme Emotional Disturbance as an Element of First-Degree Manslaughter**

Elery next objects that the trial court erred in instructing the jury that it was required to find beyond a reasonable doubt that he was acting under extreme emotional disturbance in order to convict him of first-degree manslaughter. (Pl.'s Obj. 7). That a jury instruction was allegedly incorrect under state law is not grounds for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citation omitted). "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) (citation omitted). Thus, the question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. at 147.

In considering this issue, the Kentucky Supreme Court reasoned that there was no constitutional violation because the erroneous instruction was detrimental to the prosecution—not Elery—because it placed upon them a higher burden of proof than was required. *Elery*, 368 S.W.3d at 91. Moreover, under the instructions given, "[i]f there was some doubt as to the existence of extreme emotional disturbance, the jury would have acquitted [Elery] of *both* charges, . . . [and thus,] [a]ny error . . . was prejudicial only to the Commonwealth, not [Elery]." *Id*. In light of this analysis within the greater context of the overall charge, the Court does not conclude that the Kentucky Supreme Court either unreasonably applied law or fact. *See* 28 U.S.C. § 2254(d). The Magistrate Judge concluded the same, so Elery's second objection is overruled.

C. **Clarifying Jury Instruction**

Elery objects that the trial court failed to properly instruct the jury that if it believed beyond a reasonable doubt that the defendant would have been guilty of murder except for having

5

reasonable doubt as to whether he was acting under the influence of extreme emotional disturbance, then it must find him guilty of first-degree manslaughter and not murder. (Pl.'s Obj. 10). The Kentucky Supreme Court determined however, that the language Elery requested to be added directly to the manslaughter instruction and would have rendered the instruction incorrect. *Elery*, 368 S.W.3d at 92. Had the instruction been offered independently and not attached to the manslaughter instruction, it would have been appropriate. *Id.* With this, the Kentucky Supreme Court concluded this omission was harmless error because Elery had failed to preserve the issue through an appropriate objection or motion. *Id.* Moreover, the Kentucky Supreme Court also determined that this omission would nevertheless not have prejudiced Elery in light of the instruction's requirement that the jury conclude beyond a reasonable doubt that he was *not* acting under extreme emotional disturbance. *Id.*

Procedurally defaulted claims are not open to Federal habeas review. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). A claim is procedurally defaulted if the prisoner failed to comply with a state procedural rule, the state actually enforced the rule against the petitioner, and the rule is an adequate and independent state ground that forecloses review of a federal constitutional claim. *See id.* Here, the Kentucky Supreme Court rejected Elery's claim because he failed to preserve it under Kentucky's Rules of Criminal Procedure. *Elery*, 368 S.W.3d at 92 (citing *Sherroan v. Commonwealth*, 142 S.W.3d 7, 23 (Ky. 2004)); *see* Ky. R. Crim. P. 9.54(2). Therefore, Elery's claim is procedurally barred, and his third objection is overruled.

### D. **Breathalyzer Evidence**

Elery objects that the trial court abused its discretion when it excluded the admission a breathalyzer test administered in Indiana prior to his interrogation by law enforcement which showed his statements were given while under the influence of alcohol. (Pl.'s Obj. 11). The

Kentucky Supreme Court determined that the trial court erred in excluding this evidence but found the error to be harmless for four reasons. First, Elery's statements while intoxicated were in line with what he said after being transported to Kentucky, when he would have been much less intoxicated. *Elery*, 368 S.W 3d at 95. Second, evidence found at the scene of the crime supported the statements. *Id*. Third, the jury heard Elery's statements that he drank after leaving the crime scene and that he had been arrested for public intoxication in Indiana. *Id*. Fourth, the jury could hear Elery slurring his words in the recording of his statements. *Id*. In light of this, the Kentucky Supreme Court's finding of harmless error is not an unreasonable application of law or an unreasonable determination of fact. *See* 28 U.S.C. § 2254(d). The Magistrate Judge concluded the same, so Elery's fourth objection is overruled.

### E. **Striking the Juror**

Elery objects that the trial court denied him a fair trial and impartial jury when it granted the prosecution's motion to strike a certain juror for cause over defense counsel's objection. (Pl.'s Obj. 12). Elery provides that the juror at issue recognized the lead detective in the case and indicated that he would probably take what the detective said as true. (Pl.'s Obj. 12). The prosecution then moved to strike the juror for cause based on his acquaintance with the detective. Elery claims, without further substantive explanation, that this was an error which deprived him of an impartial jury and fair trial. (Pl.'s Obj. 13).

The Kentucky Supreme Court concluded that the trial court did not abuse its discretion to strike this juror because the juror "was not unequivocal about his ability to be unaffected by his relationship with the detective." *Elery*, 368 S.W.3d at 96. The Magistrate Judge accordingly concluded that this did not deny Elery a fair trial. (R&R 6-7). The Court agrees with the Magistrate Judge's finding, and Elery's fifth objection is overruled.

### F. Cousin's Victim Impact Statement

Elery objects that testimony from the victim's first cousin was improperly admitted because cousins are not in the statutory list of victims who may present victim impact testimony. (Pl.'s Obj. 14 (citing KRS 421.500(1)(b)). The Kentucky Supreme Court concluded that Elery did not preserve his objection when defense counsel waited until the testimony concluded and did not complain that the cousin was not a proper party to provide testimony. *Elery*, 368 S.W.3d at 97. Instead, defense counsel merely objected that it was improper for the victim to directly address the jury, which the trial court dismissed as the custom practice. *Id*. Much like Elery's third objection, the Kentucky Supreme Court's decision rests on the procedural bar that he failed to properly object, and his sixth objection is thus overruled.

### G. Ineffective Assistance of Counsel

After his collateral attacks were rejected by the Kentucky Supreme Court, Elery filed for relief in Kentucky state courts for ineffective assistance of counsel, which the Kentucky Court of Appeals eventually rejected. *Elery v. Commonwealth*, No. 2013-CA-001923, 2015 WL 3533019, at *3 (Ky. App. 2015). Elery's final objection is that he received ineffective assistance at trial because counsel failed to file proper pretrial suppression motions, adequately prevent the introduction of evidence pertaining to the imagined murder, object to erroneous jury instructions, defend against unauthorized penalties, and investigate or present an effective defense. (Pl.'s Obj. 16). To prevail on a claim of ineffective assistance of counsel, Elery must show that counsel's performance was deficient for falling below an objective standard of reasonableness and that he was prejudiced because there is a probability that the result of the proceeding would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Kentucky Court of Appeals first concluded that Elery did not receive ineffective assistance of counsel for failing to submit pretrial suppression motions of evidence obtained when Elery cooperated with Louisville police officers because the circumstances did not amount to custodial interrogation. *Elery*, 2015 WL 3533019, at *3. Elery now argues that volunteering to go with police officers nevertheless amounts to being in custody for purposes of a suppression motion. Regardless, Elery's claim must fail because he does not demonstrate how filing such a pretrial suppression motion would have changed the result of his case. For example, Elery provides nothing regarding how the suppression motion, even if successful, would have resulted in the suppression of material evidence in light of the fact that Elery had made several admissions to police before being transported. On this subject, Elery has no claim for ineffective assistance of counsel.

Both the Magistrate Judge and Kentucky Court of Appeals determined Elery's next two ineffective assistance claims were attempts to reargue issues in his habeas petition. (R&R 9); *Elery*, 2015 WL 3533019, at *3. Elery's second contention of ineffective assistance derives from trial counsel's failure to ensure that evidence of the imaginary murder was not introduced at trial. (Pl.'s Obj. 18). Elery's third contention of ineffective assistance is that counsel failed to object to "faulty instruction" on the issue of extreme emotional disturbance, murder, and first-degree manslaughter. (Pl.'s Obj. 18-19). Elery fails to provide, however, how the result of his case would have been any different had either situation been different. *See Strickland*, 466 U.S. at 687. Regarding the subject of the imaginary murder, as the Kentucky Supreme Court concluded, it is highly unlikely that any juror would have heard his confessions of the imaginary murder and extrapolated from it that he had indeed murdered the known victim. *Elery*, 368 S.W.3d at 88. Regarding the jury instruction, it has not been shown that the result would have been any different

9

had this instruction been objected to because the jury was required to find beyond a reasonable doubt that Elery did *not* suffer from extreme emotional disturbance, and they did make this finding. *Id.* at 92.

Elery's final objection on the subject of ineffective assistance is that counsel failed to suppress the domestic violence order from the penalty phase at trial, which triggered a higher level of punishment. (Pl.'s Obj. 19). The Magistrate Judge concluded that Elery did not provide in his *pro se* petition how counsel's performance in failing to object to the consideration of the domestic violence order amounted to deficient performance because he provided no indication how she could have had it countered or suppressed. (R&R 11). In his present Objection, now represented by counsel, Elery still fails to provide any explanation on how trial counsel could have successfully objected to consideration of the domestic violence order other than reiterating what Elery said in his *pro se* petition. (Pl.'s Obj. 19). Moreover, Elery's own filings indicate that trial counsel did in fact object to the admission of the domestic violence order as an aggravating factor on the grounds that the victim voluntarily interacted with Elery. (Pet. Writ Habeas Corpus App. C, DN 1-4). Taken together, Elery's objection must be rejected because he has failed to show trial counsel's performance was deficient. Accordingly, Elery's objections regarding the Magistrate Judge's determinations on the issue of ineffective assistance counsel are overruled.

H. **Certificate of Appealability**

Where Elery's habeas petition has been denied on procedural grounds, a certificate of appealability should issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[,]" and if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the relevant analyses above, the Court is confident that Elery's claim was

procedurally defaulted when he failed to properly object under the Kentucky Rules of Criminal Procedure. Accordingly, no certificate of appealability shall be issued.

## IV. CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that Petitioner's Objection (DN 24) is **OVERRULED**, and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20) is **ADOPTED**, and a certificate of appealability is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

June 17, 2019

cc: counsel of record